UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GARY P. ZERINGUE | CIVIL ACTION |
| VERSUS | CASE NO. 18-13561 |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY | |

## COMPLAINT

The Complaint of Gary P. Zeringue respectfully alleges:

1. This is a claim for ERISA long term disability benefits.

2. This Court has jurisdiction and venue under 29 U.S.C. § 1001, et seq. and 29 U.S.C. § 1132(e)(1)(2).

3. Plaintiff, **Gary P. Zeringue** of lawful age and a resident of Houma, Louisiana, is a plan participant and beneficiary of an ERISA plan created by his employer, Preferred Sandblasting, LLC and an insured participant of a group disability policy issued by The Hartford Life and Accident Insurance Company.

4. Defendant, **Hartford Life and Accident Insurance Company** ("The Hartford"), is a foreign corporation, doing business in Louisiana. Upon information and belief, The Hartford is incorporated in Hartford, Connecticut, and its principal place of business is in the state of Connecticut.

5. The Hartford issued a group policy, No. GLT856623, insuring the employees of Preferred Sandblasting, LLC. The Plan granted the administrator, The Hartford, the right and authority to control and manage the operation and administration of the Plan. Plaintiff is a beneficiary and insured under the policy.

6. ERISA mandates that all plan administrators discharge their duties in the interest of Plan participants and beneficiaries.  29 U.S.C. § 1104(a)(1).

7. Plaintiff filed a claim for disability benefits with the Plan because his medical condition precluded him from continuing to perform the duties of his job on a full-time basis.

8. Plaintiff is disabled under the terms of the disability policy issued by The Hartford.

9. Plaintiff has been determined to be disabled by the Social Security Administration and is receiving Social Security disability benefits.

10. The Hartford unlawfully denied Plaintiff benefits he is entitled to under terms of the disability policy.

11. Plaintiff appealed the denial, but The Hartford upheld its previous decision.

12. On November 28, 2018, plaintiff's counsel wrote the claim administer and included the November 26, 2018 letter by Dr. Craig M. Walker, Mr. Zeringue's treating cardiologist. Dr. Walker states: "Due to the continued exertional dyspnea and angina requiring frequent nitroglycerin use, I feel Mr. Zeringue is unable to perform work-related activities at any level and should be considered totally disabled from a cardia standpoint."

13. Dr. Walker's declaration directly contradicts the statement found in the administrative record, following the 9/21/2018 5:00:55 PM entry that your Dr. Rizwan Karatela reported that he had spoken with Dr. Walker and that: "Dr. Walker agreed clmt could work on a sedentary basis…"  No such statement was made by Dr. Walker.

14. Defendant acknowledged receipt of said letters but wrongfully refused to consider the evidence and proof of claim that plaintiff was disabled from any and all work.

15. The Hartford's denials are based on insubstantial evidence and are arbitrary and an abuse of discretion.

16. Plaintiff has exhausted his administrative remedies and now timely files this suit to reverse The Hartford's denial of benefits.

17. The Hartford has abused its discretion as the Plan administrator by denying Plaintiff's claim for disability benefits in bad faith.

18. The Hartford has abused its discretion by failing to consider the disabling, synergistic effect of all of Plaintiff's medical conditions.

19. The Hartford has abused its discretion by failing to consider his medical condition in relation to the actual duties of his occupation.

20. The Hartford administered Plaintiff's claim with an inherent and structural conflict of interest as The Hartford is liable to pay benefits from its own assets to Plaintiff, and each payment depletes Hartford's assets.

21. The Hartford has failed to give the policy and Plan a uniform construction and interpretation.

22. The Hartford chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

23. As a routine business practice, The Hartford uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

24. The Hartford's administration of this claim corrupts any reasonable meaning of "full and fair review" that ERISA requires.

25. Plaintiff has been denied the benefits due to he has under the Plan, has suffered, and is continuing to suffer economic loss as a result.

26. Plaintiff is entitled to an award of interest on all money that Defendant should have paid to Plaintiff.

27. Defendant's denial has required Plaintiff to hire attorneys to represent him in this matter to recover benefits due to him under the Plan and is entitled to an award of attorneys' fees and costs.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;

2. For all reasonable attorney fees;

3. For costs of suit; and

4. For all other relief as the facts and law may provide.

Respectfully submitted,

*/s/James F. Willeford*
James F. Willeford (La. 13485)
Reagan L. Toledano (La. 29687)
**WILLEFORD & TOLEDANO**
201 St. Charles Avenue, Suite 4208
New Orleans, Louisiana 70170
(504) 582-1286; (f) (313)692-5927
Email: *jimwilleford@willefordlaw.com*